IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:20-cv-03848-RMR-SKC

EXCEL CONSTRUCTION GROUP,

    Plaintiff,

v.

GUIDEONE MUTUAL INSURANCE COMPANY,

    Defendant.

## ORDER

This matter is before the Court on Defendant's Motion for Summary Judgment (ECF 69), Plaintiff's Motion to Exclude Testimony of John P. Craver (ECF 55), Defendant's Motion to Strike the Opinions of Kerry Freeman (ECF 59), Plaintiff's Motion to Strike Defendant's Non-Retained Experts (ECF 64), and Plaintiff's Motion to Limit Testimony of Timothy Phelan and Kelly Huff (ECF 65). All of these motions are fully briefed and ripe for review. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

### I.    BACKGROUND[1]

Non-party Charis Ministries ("Charis") owns a church facility in Colorado Springs, Colorado (the "Property"). Charis is and was the beneficiary of a commercial property insurance policy (the "Policy") covering the Property issued by Defendant, GuideOne

---

[1] The following facts are undisputed unless otherwise stated.

Mutual Insurance Company ("GuideOne"). Plaintiff Excel Construction Group ("Excel") is Charis's contractor. Plaintiff received an assignment of benefits from Charis of the proceeds due under the Policy, plus any associated causes of action, including this lawsuit.

On July 5, 2019, a large hailstorm struck and damaged the Property. After inspecting the roof, Plaintiff submitted a claim to GuideOne on June 29, 2020 (the "Claim"). GuideOne engaged Knott Laboratory, LLC ("Knott"), an engineering firm, to determine which parts of the Property were damaged by the hailstorm and U.S. Building Consulting Group ("USBCG") to prepare an estimate to repair the damage based on Knott's findings. Knott inspected the Property and concluded that certain metal portions of the Property's main building roof were damaged by hail, but that the main building's rubber EPDM roof and windows were not damaged by hail. Using Knott's findings, USBCG prepared an estimate to repair the damage. GuideOne subsequently issued a payment for $27,748.64 based on this estimate. In dispute in this case are the scope of hail damage and the cost of repair, as well as GuideOne's handling of the Claim.

Plaintiff initiated this action on December 31, 2020. Plaintiff's complaint asserts claims for breach of contract and unreasonable delay and denial of insurance benefits under Colo. Rev. Stat. § 10-3-1115. Plaintiff claims that the hailstorm severely damaged the Property, and that GuideOne has denied payment of benefits needed to cover the total cost of repair to the Property without a reasonable basis. Defendant seeks summary judgment on both causes of action. Separately, both parties have filed numerous motions seeking to strike or limit certain opinion testimony endorsed by the other side.

2

## II. DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard

To succeed on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine dispute of material fact; and (2) the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When analyzing a motion for summary judgment, the court must look at the factual record and the reasonable inferences to be drawn from the record in the light most favorable to the non-moving party." *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). However, the nonmoving party may not simply rest upon its pleadings at this stage; rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998).

Ultimately, the Court's inquiry on summary judgment is whether the facts and evidence identified by the parties present "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id.* at 249.

### B. Analysis

A federal court sitting in diversity applies the substantive law of the forum state. *Bass Tr. of Andy Bass Fam. Tr. v. Tour 18 at Rose Creek, LP*, 795 F. App'x 613, 619 (10th Cir. 2020). Both parties agree that Colorado law applies here.

### 1. Breach of Contract

To prove breach of contract, Plaintiff must show: "(1) the existence of a contract; (2) performance by the plaintiff or some justification for nonperformance; (3) failure to perform the contract by the defendant, and (4) resulting damages to the plaintiff." *TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1197 (D. Colo. 2018). Defendant argues that the undisputed facts show that Plaintiff failed to cooperate as required by the Policy, thus precluding Plaintiff's breach of contract claim.[2]

Under Colorado law, an insured may forfeit the right to recover under an insurance policy if he or she fails to cooperate in violation of a policy provision. *Walker v. State Farm Fire & Cas. Co.*, No. 16-CV-00118-PAB-STV, 2017 WL 1386341, at *3 (D. Colo. Feb. 23, 2017), *report and recommendation adopted*, No. 16-CV-00118-PAB-STV, 2017 WL 1386346 (D. Colo. Mar. 17, 2017). The failure to cooperate is a breach of an insurance contract only if the insurer suffers a material and substantial disadvantage, however. *Hall v. Allstate Fire & Cas. Ins. Co.*, No. 1:19-CV-02604-DDD-NYW, 2021 WL 119344, at *3 (D. Colo. Jan. 12, 2021), *aff'd*, 20 F.4th 1319 (10th Cir. 2021) (citing *Ahmadi v. Allstate Ins. Co.*, 22 P.3d 76, 579 (Colo. App. 2001)). "Generally, the question of whether the

---

[2] As an initial matter, the Court notes that many of the purportedly "undisputed material facts" set forth in Defendant's motion are neither undisputed nor actually facts. Counsel would do well to review the Court's Standing Order Regarding Rule 56 Motions and the discussion therein regarding what constitutes a fact versus a legal argument.

4

insured has violated his insurance policy by failing to cooperate with the insurer is a question of fact." *6 W. Apartments, LLC v. Ohio Cas. Ins. Co.*, No. 1:20-CV-02243-RBJ, 2021 WL 4949154, at *9 (D. Colo. Oct. 25, 2021) (quoting *Farmers Automobile Inter-Insurance Exchange v. Konugres*, 202 P.2d 959 (Colo. 1949)). The insurer bears the burden to prove failure to cooperate. *Soicher v. State Farm Mut. Auto. Ins. Co.*, 351 P.3d 559, 564 (Colo. App. 2015). GuideOne has not done so here.

      Simply put, the record does not clearly show that Plaintiff failed to cooperate as required by the Policy.[3] Genuine issues of material fact remain, for example, regarding how much information Defendant had to evaluate the Claim, what was reasonable for Defendant to request of Plaintiff under the Policy, and the extent to which Plaintiff made any requested information available to Defendant. It is not for the Court to decide at this stage the credibility of witnesses or the weight to give each piece of evidence. The jury is best positioned to make such determinations. *See 6 W. Apartments*, 2021 WL 4949154, at *9. Accordingly, the Court finds that material facts remain in dispute that preclude summary judgment on Plaintiff's breach of contract claim.

---

[3] To the extent that Defendant also attempts to argue that Plaintiff breached the Policy's prompt notice provision by first giving notice of the Claim nearly one year after the July 5, 2019 storm, *see* ECF 69 at 7, the Court cannot conclude that Plaintiff failed to provide prompt notice as a matter of law. "A prompt notice requirement in an insurance policy 'means that notice must be given within a reasonable length of time under the circumstances.' In the property/casualty insurance context, the duty to give notice 'arises when an insured, with reasonable diligence, can ascertain that the [the property has been damaged by a covered event].'" *656 Logan St. Condo. Ass'n, Inc. v. Owners Ins. Co.*, 389 F. Supp. 3d 946, 950 (D. Colo. 2019) (citation omitted). Here, Plaintiff has explained that Charis's pastor was at the Property during the July 5, 2019 hailstorm and went up on the roof to look for damage shortly thereafter but, not being a roofing expert, did not observe any. ECF 75 at 11. Charis was therefore unaware that the Property was hail damaged until months later when a church member who worked for Plaintiff inspected the roof and observed hail damage, which precipitated the assignment and filing of the Claim. *Id*. Whether this was a reasonable sequence of events is a fact issue for the jury.

5

### 2. Statutory Bad Faith

Defendant also seeks summary judgment on Plaintiff's second cause of action, alleging statutory bad faith. Pursuant to Colo. Rev. Stat. § 10-3-1115, an insurer may not "unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant." An insurer's delay is unreasonable "if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action." *Id*. By their nature, insurance bad faith claims present questions of fact unsuitable for resolution on summary judgment except in limited circumstances. Therefore, whether an insurer's conduct was reasonable under the circumstances is ordinarily a question of fact for the jury. *Thompson v. State Farm Mut. Auto. Ins. Co.*, 457 F. Supp. 3d 998, 1003 (D. Colo. 2020). This case does not present an exception to that rule.

Ultimately, viewing the facts in the light most favorable to Plaintiff, the Court finds that genuine issues of material fact exist concerning whether Knott's inspection of the Property constituted a reasonable investigation and whether Defendant's reliance on such investigation was reasonable. Given the disputes that remain, summary judgment is not appropriate. Defendant's motion for summary judgment is therefore DENIED.

### III. EXPERT MOTIONS

#### A. Rule 702 Motions

Both sides have moved to exclude certain opinion testimony proffered by the other party. Rule 702 of the Federal Rules of Evidence governs the admissibility of expert witness testimony. Expert opinion testimony is admissible if it is relevant and reliable*. See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 594–95 (1993). The opinions are

relevant if they would "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. They are reliable if (1) the expert is qualified "by knowledge, skill, experience, training, or education," (2) his or her opinions are "based upon sufficient facts or data," and (3) they are "the product of reliable principles and methods." *Id*. The Court must also weigh the relevance of any proposed expert testimony against "the danger of unfair prejudice, confusion of the issues, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. The proponent of expert testimony has the burden to show that the testimony is admissible. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

Guided by these principles, the trial court has broad discretion in determining whether expert testimony is sufficiently reliable and relevant to be admissible. *Truck Insurance Exchange*, 360 F.3d 1206, 1210 (10th Cir. 2004). "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 596.

### 1. Plaintiff's Motion to Exclude Testimony of John Craver (ECF 55)

Defendant has designated John P. Craver, an attorney who practices in the field of insurance law, as an expert witness to opine on insurance industry standards and whether GuideOne met those standards in handling the Claim. Plaintiff seeks to exclude a number of Mr. Craver's statements and opinions on the grounds that they are irrelevant, unsupported, or usurp the function of the trial judge. ECF 55 at 3.

Plaintiff relies in large part upon *TBL Collectibles, Inc. v. Owners Insurance Company*, 285 F. Supp. 3d 1170 (D. Colo. 2018), in which Chief Judge Brimmer carefully considered—and ultimately excluded—a number of the same or similar statements proffered by Mr. Craver in another statutory bad faith case. Upon review, the Court agrees that many of the challenged statements from *TBL Collectibles* are present in Mr. Craver's Report here (either verbatim or identical in substance), and there is nothing about the claims or defenses in this case that warrants departure from Judge Brimmer's thorough and reasoned analysis in *TBL Collectibles*. *See id*. at 1179–88. Accordingly, for the same reasons articulated by Judge Brimmer, the Court will exclude those statements identified by Plaintiff here. *See* ECF 55 at 5–6 (statements 1–4), 10–11 (statements 1–4, 6–15, and 19), 12 (statements 20–32)[4].

Plaintiff also identifies twelve additional statements that it seeks to exclude as irrelevant:

| **Statements About Alleged Late Reporting** | |
|---|---|
| 5. | The insurer accepted the claim, although they certainly could have alleged prejudice due to the late reporting. (2) |
| 6. | The adjuster also prepared a reservation of rights regarding the late notice. (2) |
| 7. | On this claim, the insured failed to provide prompt notice of the storm or the loss. Nevertheless, the insurer accepted the claim and did not reject the claim due to the insured's failure to provide prompt notice, although this was addressed in the reservation of rights letter. (9) |

---

[4] The Court agrees that the same analysis regarding applicable law applies to the statements identified as 20–32 in Plaintiff's Motion. "[A]n expert's testimony is not *per se* inadmissible simply because it requires discussion of the law." *Amica Life Ins. Co. v. Wetz*, No. 15-cv-1161-WJM-CBS, 2017 WL 897839, at *3 (D. Colo. Mar. 7, 2017). The Tenth Circuit has recognized that "a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms." *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988). However, witness testimony that aims to "direct the jury's understanding of the legal standards upon which [its] verdict must be based" improperly usurps the role of the trial judge and is therefore inadmissible. *Id*. Thus, opinions that merely rephrase the pertinent legal standards and express the expert's beliefs as to the legal rights and obligations of the parties are not admissible because they do nothing but usurp the role of the judge and are not helpful to the jury. *TBL Collectibles*, 285 F. Supp. 3d at 1184.

| 8. | However, it is possible that the insurer's investigation was prejudiced due to the late notice because some evidence of hail damage can change in character over the passage of a year's time. (9) |
|---|---|
| **Alleged Incomplete Responses by the Public Adjuster** | |
| 9. | The engineer propounded some questions to which the public adjuster provided responses, many of which were incomplete. (2) |
| **References to Cosmetic vs. Functional Damage** | |
| 10. | The Knott Labs report indicated that although there was a presence of hail damage, much of it was old damage, that the hail did not cause functional damage to the primary building roof, and that there was no damage caused by hail to the EPDM roof. (2) |
| 11. | The overall conclusion of Knott Labs was that the roof may have sustained some cosmetic damage in the July 5, 2019, storm, but it did not cause any functional damage or any of the leaks which the insured reported had occurred on the interior for several years. (2-3) |
| **References to Statutes Controlling Public Adjusters ("PAs") and Opinions Regarding PA Incentives** | |
| 12. | *See* reference to Colorado Revised Statute 10-2-417 on pages 6-7. |
| 13. | *See* paragraph on page 12 beginning "Public adjusters have a financial interest in advocating for the most expensive repair or replacement that they can rationalize." |
| **References to Statutes Controlling Roofers** | |
| 14. | *See* references to Colorado Revised Statute 6-22-102 and 6-22-105(3) on page 6. |
| **Statements About Insurance Policies** | |
| 15. | Insurance policies pay for fortuitous losses and are not intended to pay for worn out features such as a warranty might. (7) |
| 16. | An insurance policy is not intended as a building repair program. (7) |
| 17. | Most insurance policies in the industry provide that the insurer can pay for repair rather than replacement if repair can be made reasonably, maintaining the appearance of the property with replacement materials of like kind and quality. (13) |

ECF 55 at 6–7. Finally, Plaintiff seeks to exclude what it describes as conclusory opinions regarding: (i) compliance with industry standards and the Unfair Claims Practices Act; (ii) statements regarding what "usually" happens in an insurance claim; (iii) a statement that GuideOne's insurance adjuster performed an "objective" analysis; and (iv) references to the fact that prior to suit, GuideOne's evaluation of the Claim was not "contested." *Id*. at 13–15.

Rather than parse Mr. Craver's expert report line-by-line, the Court will set forth broad guidelines that will govern Mr. Craver's testimony at trial. With respect to the

majority of Plaintiff's arguments, the Court finds that these issues are best addressed through vigorous cross-examination rather than having the Court preemptively exclude the challenged statements. For example, Plaintiff argues that Mr. Craver's opinions regarding what "usually" happens in an insurance claim are supported solely by his own "limited work experience" and therefore based on insufficient or inaccurate facts. ECF 55 at 13–14. The Court finds that this line of argument is well suited for cross-examination, as it goes to the weight the jury should afford the testimony, not to its admissibility. The same is true with regard to Plaintiff's argument that Mr. Craver's opinion that the insurance adjuster undertook an "objective" analysis is improper. Counsel is free to question Mr. Craver regarding his basis for such opinions and then to attack any proffered bases at trial.

The Court agrees with Plaintiff, however, that whether damage is "cosmetic" or "functional" is simply not an issue in this case. It is undisputed that the Policy does not contain an exclusion for cosmetic damage or otherwise limit coverage to functional damage. Defendant's attempt to graft the concept of economic waste onto the instant case as a basis for allowing the proffered testimony is unavailing. *See* ECF 71 at 6 ("Such references and explanation will assist the jury in understanding whether repairs sought by Plaintiff amount to economic waste if the claimed damage is cosmetic only, as opposed to damage that impairs the functionality of components of the subject property."). Testimony regarding cosmetic damage, as opposed to functional damage, will not be permitted.

The Court will also not permit Mr. Craver to offer testimony about public policy and general policy considerations in the insurance industry unless such testimony is tethered to the facts of this case. For example, Mr. Craver may testify about the policy implications of a particular action that occurred in this case—such as the alleged delay in providing sufficient documentation to permit Defendant to make an assessment of the amount of damage from the particular storm at issue—and why the industry typically encourages or discourages any conduct that occurred here. However, the Court will not permit Mr. Craver to testify about general public policy implications of insurance bad faith claims and public adjuster incentives. Mr. Craver likewise may not opine as to Defendant's compliance with "industry practices" generally. But the Court will not preclude Mr. Craver from testifying that, in his opinion and based on his experience, certain actions taken by Defendant were reasonable and/or show that Defendant did not act in bad faith. To the extent that Plaintiff is concerned that Mr. Craver's permitted opinions may nonetheless confuse the jury regarding the state of the law in Colorado, Plaintiff is free to submit a proposed limiting instruction for the Court to give prior to Mr. Craver's testimony at trial.

Plaintiff's Motion, ECF 55, is therefore GRANTED IN PART and DENIED IN PART.

    **2.    Defendant's Motion to Strike the Opinions of Kerry Freeman (ECF 59)**

Plaintiff has designated Kerry Freeman, an insurance adjuster, as an expert to offer testimony on the presence of hail damage, causation, and the scope and cost of repair. Mr. Freeman has opined that the Property suffered extensive hail damage from the July 5, 2019 storm, and that the cost to repair all damage exceeds $6.1 million. Defendant moves to strike Mr. Freeman as an expert on the grounds that he is generally

11

unqualified to opine on the matters addressed in his report. ECF 59 at 1. Specifically, Defendant argues that the opinions contained in Mr. Freeman's report constitute the practice of engineering, which he is not licensed to perform in the State of Colorado. *Id*. at 2.

Defendant's argument is not well-taken. The suggestion that an engineering degree, much less an engineering license, is required for an expert witness to opine on hail damage to roof systems and windows and the cost to repair such damage is unsupported. Defendant cites no authority for its position, and the Court is aware of none.[5] The record reflects that Mr. Freeman has extensive experience working as a claims adjuster, including on thousands of hail claims, and appears duly qualified to provide opinions regarding the cause of the damage he observed and the appropriate repairs and the cost thereof. Defendant is of course free to argue to the jury that Mr. Freeman is not an engineer and that his opinions should be afforded less weight than the expert opinions proffered by Defendant. However, Defendant has failed to show why Mr. Freeman is unqualified to offer the opinions at issue, and the Court has no basis to exclude them at this stage. Defendant's Motion, ECF 59, is therefore DENIED.[6]

---

[5] Indeed, Defendant's reliance on a single 2008 order from the Colorado Board of Licensure for Architects, Professional Engineers, and Professional Land Surveyors frankly falls short of the Court's expectations in terms of accuracy and candor to the Court and serves only to harm counsel's credibility.

[6] Defendant also moves to strike one claims handling opinion offered by Mr. Freeman. ECF 59 at 1–2. Because Plaintiff withdrew this opinion in its response to the motion, *see* ECF 72 at 3, the Court will deny this portion of Defendant's motion as moot.

3.  **Plaintiff's Motion to Limit Testimony of Timothy Phelan and Kelly Huff (ECF 65)**

Plaintiff seeks to limit the testimony of Defendant's experts Timothy Phelan and Kelly Huff (Defendant's retained engineer) concerning cosmetic versus functional damage. For the reasons discussed above in connection with Plaintiff's Motion to Exclude Testimony of John Craver, ECF 55, Mr. Phelan and Ms. Huff will not be permitted to offer opinions about cosmetic or functional damage in this case. It is undisputed that the Policy does not contain an exclusion for "cosmetic" damage, a requirement that damage be "functional" in order to be covered, or any similar provision. ECF 65 at 3. Accordingly, any expert opinions regarding purely "cosmetic" damage here are irrelevant and have considerable potential to confuse and unfairly prejudice the jury.

The Court will also exclude Mr. Phelan's statements and opinions regarding the "practice of engineering" and the qualifications of Plaintiff's expert, Kerry Freeman. "The credibility of witnesses is generally not an appropriate subject for expert testimony." *Graham v. State Farm Mut. Auto. Ins.*, No. 19-CV-00920-REB-NYW, 2021 WL 1256560, at *3 (D. Colo. Mar. 31, 2021) (citing *United States v. Adams*, 271 F.3d 1236, 1245 (10th Cir. 2001)). For the reasons articulated in Plaintiff's Motion, the Court agrees that such statements are irrelevant and improperly usurp the function of the jury in weighing witness credibility. Accordingly, the Court will GRANT Plaintiff's Motion, ECF 65.

B.  **Rule 26**

Rule 26 requires that expert disclosures "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's

employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). By contrast, non-retained expert disclosures need only contain "a summary of the facts and opinions to which the witness is expected to testify," and the "subject matter" of the evidence. Fed. R. Civ. P. 26(a)(2)(C). In determining whether an expert disclosure has complied with Rule 26(a)(2)(B), "[t]he party moving to strike the witness bears the initial burden of showing that the disclosing party failed to produce a written report under Rule 26(a)(2)(B)." *Davis v. GEO Grp.*, No. 10-cv-02229-WJM-KMT, 2012 WL 882405, at *2 (D. Colo. Mar. 15, 2012). Once the movant has met this burden, "[t]he burden then shifts to the disclosing party to demonstrate that the witness is not retained or specially employed and, thus, no report was required." *Id*.

Under Rule 37(c)(1), if "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). "A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose." *Id.* The nonmoving party has the burden of showing that it was substantially justified in failing to comply with Rule 26(a) and that such failure was harmless. *Seeley v. Home Depot U.S.A., Inc.*, No. 17-CV-00584-PAB-NYW, 2018 WL 4275375, at *5 (D. Colo. Sept. 7, 2018).

1. **Plaintiff's Motion to Strike Defendant's Non-Retained Experts (ECF 64)**

Plaintiff moves to preclude the testimony of eight individuals disclosed as non-retained expert witnesses pursuant to Rule 26(a)(2)(C)—Jim Balzarine, Kim Beiter, Thomas Harrington, David Schramm, Matthew Arndt, William Cox, Timothy Phelan, and James Lynch—on the grounds that Defendant's disclosures related to these witnesses are improper and inadequate. Specifically, Plaintiff argues that Defendant intends to rely on certain opinions that were developed specifically for this lawsuit, and therefore these individuals are "retained or specially employed" experts within the meaning of Rule 26(a)(2)(B) who should have submitted expert reports. ECF 64 at 6.

   a. **Messrs. Balzarine, Harrington, Schramm, Arndt and Ms. Beiter**

Mr. Balzarine, Ms. Beiter, and Mr. Harrington are current GuideOne employees who were disclosed to "offer opinions in the field of claim handling," including that GuideOne did not unreasonably delay or deny the claim. ECF 64 at 8. Mr. Schramm is also a current GuideOne employee, while Mr. Arndt is a non-employee who performed the underwriting survey and created the subsequent underwriting survey report for the Policy. *Id*. at 8–9. Mr. Schramm and Mr. Arndt were disclosed to "offer opinions in the field of underwriting." *Id*. at 9

Plaintiff argues that the disclosed opinions go beyond the witnesses' personal involvement in the facts of the case and are formed because there is a lawsuit over the reasonableness of GuideOne's actions. *Id*. at 8–9. Therefore, Plaintiff argues, their testimony should be limited to factual testimony regarding their involvement in the

15

underlying claims handling and/or underwriting process. *Id*. The Court agrees. It is the substance of the expert's testimony, not the status of the expert, which dictates what is required for purposes of Rule 26. *Trejo v. Franklin*, No. 04-cv-02523-REB-MJW, 2007 WL 2221433, at *2 (D. Colo. July 30, 2007). A current or former employee may be a non-retained expert under Rule 26(a)(2) if she is a percipient witness and is testifying based upon her personal knowledge of the facts or data at issue in the litigation. *See, e.g.*, *Vanderlaan v. Ameriprise Auto & Home Ins.*, No. 20-CV-00191-PAB-STV, 2021 WL 4441518, at *4 (D. Colo. Sept. 28, 2021); *RDA Hotel Mgmt. Co. v. Hudson Specialty Ins. Co.*, No. 1:19-CV-02145-DDD-NYW, 2020 WL 6385343, at *2 (D. Colo. June 29, 2020). Non-retained experts, however, must only testify about opinions that were formed during the course of their participation in the relevant underlying events. *See Vanderlaan*, 2021 WL 4441518, at *4. While GuideOne's witnesses may appropriately testify about what they did on this Claim (or this Policy) and why they did it, they effectively become retained witnesses, subject to Rule 26(a)(2)(B)'s written report requirement, when they offer broad opinions about the overall reasonableness of GuideOne's actions and underwriting standards. The Court will therefore limit these individuals to testifying about their personal involvement (if any) in the claims handling or underwriting process.

     **b.**  **Mr. Cox**

  Mr. Cox is the public adjuster retained by Plaintiff in connection with the Claim. ECF 64 at 9. Mr. Cox inspected the Property and testified as the 30(b)(6) representative of Insurance Adjusters Group, LLC ("IAG"). Defendant believes that Mr. Cox offered claim handling opinions at his deposition that support GuideOne's defenses and has disclosed

Mr. Cox to provide testimony regarding what is "typical" during the claims handling process. *Id*. The Court is unaware of any authority requiring Defendant to produce a report for an *adverse* expert it has neither retained nor employed, and Plaintiff cites none. Accordingly, the Court will deny Plaintiff's motion insofar as it seeks to exclude testimony from Mr. Cox.

### c. Mr. Phelan and Mr. Lynch

Defendant initially hired Knott engineer Timothy Phelan during the claims handling process to inspect the Property and determine the extent of hail damage and the date that the damages occurred. ECF 64 at 6. Mr. Phelan inspected the Property on July 29, 2020 and prepared a report dated August 18, 2020. *Id*. Defendant also engaged USBCG building consultant James Lynch to prepare a cost estimate to repair the reported hail-related damage based on Mr. Phelan's findings. *Id*. at 2. Mr. Lynch inspected the Property on July 29 and November 23, 2020 and prepared an estimate dated December 8, 2020. *Id*.

In November 2021, approximately eleven months after Plaintiff filed the instant suit, Defendant retained Mr. Phelan again to "review [the report submitted by Plaintiff's expert, Kerry Freeman,] and reinspect the Property to determine the impact, if any, that the available documents and reinspection have on the conclusions presented in [Mr. Phelan's] Original Report." *Id*. at 3. Mr. Phelan subsequently prepared a supplemental report dated December 10, 2021. *Id*. GuideOne also retained Mr. Lynch again to create a "comparative estimate" in response to the repair costs estimate provided by Mr.

Freeman on Plaintiff's behalf. Defendant disclosed Mr. Lynch's comparative estimate on December 17, 2021. *Id*. at 3–4.

Plaintiff argues that the opinions in Mr. Phelan's supplemental report and Mr. Lynch's comparative estimate were developed specifically for this lawsuit and in response to Mr. Freeman's report and estimate. *Id*. at 7–8. Therefore, Mr. Phelan and Mr. Lynch are "retained or specially employed," and their supplemental disclosure must comply with Rule 26(a)(2)(B). In response, Defendant argues that Plaintiff has "substantively obtained Fed. R. Civ. P. 26(a)(2)(B) information for Mr. Phelan and Mr. Lynch despite GuideOne designating both as non-retained experts" and thus "Plaintiff has not been prejudiced" by the disclosure. ECF 74 at 4.

The Court agrees with Plaintiff—(and seemingly with Defendant, too)—that Defendant's disclosures regarding each of Mr. Phelan's and Mr. Lynch's rebuttal opinions do not comply with the requirements of Rule 26(a)(2)(B). Accordingly, the Court must determine the appropriate sanction, if any, under Rule 37(c). To determine whether a Rule 26(a) violation was substantially justified or harmless, the Court considers the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Woodworker's Supply*, 170 F.3d at 993. The burden of establishing substantial justification or harmlessness rests with Defendant.

Considering the relevant factors, the court does not find that the "drastic sanction" of excluding evidence is warranted here. *See Summers v. Mo. Pac. R.R. Sys.*, 132 F.3d

18

599, 604 (10th Cir. 1997); *see also Silver v. Shapiro*, No. 10-cv-01856-CMA-KLM, 2011 WL 1321798, at *4 (D. Colo. Apr. 5, 2011) (requiring plaintiff to revise insufficient expert disclosures, but declining to strike expert testimony, because "[w]ithout a finding of bad faith or gamesmanship . . . courts are loathe to invoke the strong medicine of precluding expert testimony"). Although this case is quite old, trial has not yet been set, and the prejudice resulting from Defendant's inadequate disclosures can be cured by supplementation. The Court is therefore of the view that taking additional time now to resolve this issue is preferable to the more severe sanction of striking Mr. Phelan and Mr. Lynch entirely as rebuttal witnesses or forcing Plaintiff to proceed to trial without being fully apprised of the substance of, and bases for, these witnesses' rebuttal opinions that will be offered at trial. Accordingly, within 21 days of this order, Defendant will be required to supplement its disclosures in compliance with Rule 26.

Plaintiff's Motion, ECF 64, is therefore GRANTED IN PART and DENIED IN PART.

## IV.   CONCLUSION

For the reasons set forth herein, the Court ORDERS as follows:

1) Defendant's Motion for Summary Judgment, ECF 69, is DENIED;

2) Plaintiff's Motion to Exclude Testimony of John Craver, ECF 55, is GRANTED IN PART and DENIED IN PART;

3) Defendant's Motion to Strike the Opinions of Kerry Freeman, ECF 59, is DENIED;

4) Plaintiff's Motion to Strike Defendant's Non-Retained Experts, ECF 64, is GRANTED IN PART and DENIED IN PART; and

19

5) Plaintiff's Motion to Limit Testimony of Timothy Phelan and Kelly Huff, ECF 65, is GRANTED.

DATED: March 20, 2023

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge